1  Daniel C. Girard (State Bar No. 114826)
   Angelica M. Ornelas (State Bar No. 285929)
2  Simon S. Grille (State Bar No. 294914)
3  **GIRARD GIBBS LLP**
   601 California Street, Suite 1400
4  San Francisco, California 94108
   Telephone: (415) 981-4800
5  Facsimile: (415) 981-4800
6  *dcg@girardgibbs.com*
   *amo@girardgibbs.com*
7  *sg@girardgibbs.com*
8  *Attorneys for Plaintiff Shelton Bollinger*

9

10

11                        **UNITED STATES DISTRICT COURT**
                          **NORTHERN DISTRICT OF CALIFORNIA**
12

13  SHELTON BOLLINGER, on behalf of himself          Case No.
    and others similarly situated,
14                                                    **CLASS ACTION COMPLAINT**
                        Plaintiff,
15         v.
                                                      **DEMAND FOR JURY TRIAL**
16
17   UBER TECHNOLOGIES, INC.,
18                      Defendant.
19

20

21

22

23

24

25

26

27

28

---

CLASS ACTION COMPLAINT
CASE NO.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CLASS ACTION COMPLAINT

Plaintiff Shelton Bollinger ("Plaintiff"), individually and on behalf of others similarly situated, alleges the following against Uber Technologies, Inc. ("Uber" or "Defendant").

## SUMMARY OF THE ACTION

1.      Uber has sent dozens of text messages—sometimes several per day—to Plaintiff's cellular phone.  Plaintiff received several of these text messages at unreasonable times of day, such as the early morning hours.  Uber, or an agent acting on its behalf, used an automatic telephone dialing system ("ATDS") to send these text messages.  Plaintiff repeatedly asked Uber to stop texting him, but Uber continues to send him messages.  Uber's transmission of these messages, to Plaintiff and all others similarly situated, after receiving notification that the messages are misdirected, violates the Telephone Consumer Protection Act.

2.      Plaintiff brings this class action for damages and other equitable and legal remedies resulting from Defendant's violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## PARTIES

3.      Uber is a Delaware corporation with its headquarters in San Francisco, California.

4.      Plaintiff Shelton Bollinger is a hydro vacuum equipment operator who lives in Mesa, Arizona.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's claims under the TCPA, 47 U.S.C. § 227, *et seq*.

6.      This Court has personal jurisdiction over Defendant because its principal place of business is within the State of California and it has sufficient minimum contacts in California to render the exercise of jurisdiction by this Court proper and necessary.

7.      Venue is likewise proper in this District under 28 U.S.C. § 1391(b) because Defendant's principal place of business is within this District.

1

CLASS ACTION COMPLAINT
CASE NO.

**FACTUAL ALLEGATIONS**

**A.     Defendant or its Agent Used an Autodialer to Send Text Messages to Plaintiff and Others Without Their Prior Express Consent.**

8.     Defendant, or an agent acting on its behalf, repeatedly sent text messages to Plaintiff's cellular phone.  Plaintiff, for example, received text messages from the following numbers: (424) 338-9155, (848) 404-1861, (585) 632-9027.

9.     The messages Plaintiff received from these numbers all follow the same pattern.  First, Plaintiff receives a message with an "Uber Code."  If Plaintiff replies that he does not want to receive these messages, he receives another message, which says "SMS from Uber is now disabled."   Despite this message, Plaintiff continues to receive the same Uber text messages. The below screenshots provide examples of these messages and Plaintiff's responses:



10.     Plaintiff began receiving these messages on June 11, 2018.  Plaintiff replied to the first message by informing Uber that it had the wrong number.  An automated response informed Plaintiff that he should reply "STOP" to unsubscribe from receiving Uber text messages.  Plaintiff promptly

2

CLASS ACTION COMPLAINT
CASE NO.

1   replied "Stop."  Since replying "Stop," Plaintiff has received at least 35 text messages from Uber or its

2   agent.

3         11.      To the extent that an agent sent these messages on Uber's behalf, Uber authorized the

4   use of its trade name and controlled and approved the content of the messages.  Uber, moreover, knew

5   of, but failed to stop the transmission of these text messages, which violate the TCPA.

6         12.      Uber causes these messages to be sent throughout the day.  Plaintiff received many of

7   Uber's text messages in the early morning hours.  For example, Plaintiff received Uber text messages

8   at 5:47 a.m., 5:38 am, 4:26 a.m., 1:09 a.m., 12:04 a.m., and 12:01 a.m.  Plaintiff wakes up early and

9   works regular hours. Several of Uber's text messages disturbed his sleep.

10         13.      Cellular phone subscribers across the country report that they have received the same

11   text messages from Uber.[1]

12         14.      Plaintiff followed the directions in Uber's messages and visited "http://help.uber.com"

13   to attempt to be taken off Uber's call list, but he could not find any way to unsubscribe from the text

14   messages.  He next downloaded the Uber App so that he could go to the "HELP" screen as described

15   in the text message, but he was unable to opt out of receiving these text messages through the app.

16         15.      On July 1, 2018, Plaintiff emailed "support@uber.com" and explained that Uber has

17   been texting him repeatedly despite his requests that the text messages stop.  He explained that he does

18   not use Uber and added that he would take legal action if the text messages continue.  Uber never

19   responded to this email, and Plaintiff continues to receive Uber's text messages.

20         16.      Each text message that Defendant or its agent sent to Plaintiff after Plaintiff replied that

21   he no longer wanted to receive such text messages was knowing or willful.

22         17.      Defendant is aware of the TCPA's prohibitions against the use of automatic dialing

23   systems to send text messages to cellular phones without the prior express consent of the called party.

24   Defendant therefore intentionally or willfully caused autodialed text messages to be sent to the cellular

25   phones of Plaintiff and other consumers without their prior express consent.

26

27

28

---

[1] *E.g.*, https://800notes.com/Phone.aspx/1-424-338-9155 (last visited July 26, 2018).

3

CLASS ACTION COMPLAINT
CASE NO.

**B.      Defendant Used an Automatic Telephone Dialing System**

18.      Defendant used an ATDS to send text messages to Plaintiff's phone, as evidenced by the content of the messages, which state, "[w]e don't monitor responses on this number." Despite not monitoring the numbers, replying to these messages with certain code-words generates an automated response.  Consumers cannot speak to anyone if they attempt to call back the numbers.  For example, anyone who calls (424) 338-9155 is greeted by an artificial or prerecorded voice that says "the number you've reached does not accept phone calls."

19.      The volume of these text messages and reports that people across the country have received substantially identical messages further demonstrates that these messages are sent using an ATDS.

20.      Uber offers ridesharing services for 75 million riders and employs 3 million drivers.[2] The scale of this business requires a sophisticated phone system capable of communicating with millions of riders and drivers.

21.      The equipment used to call Plaintiff and others not only had the capacity to store or produce telephone numbers to be messaged using a random or sequential number generator, but was programmed to sequentially or randomly access stored telephone numbers to automatically send text messages to such numbers.  The messages were sent with equipment capable of dialing numerous phone numbers in a short period of time without human intervention.

**C.      Defendant's Violations of the TCPA Harmed Plaintiff**

22.      Plaintiff carries his cellular phone with him at most times so he can be available to family, friends, and his employer.  Each time he receives a text message from Uber, his cellular phone rings or vibrates.

23.      Defendant's repeated text messages invaded Plaintiff's privacy and intruded upon his right to seclusion.  The messages frustrated and upset Plaintiff by interrupting his daily life and sleep. The messages wasted his time by requiring Plaintiff to reply "stop" and take measures—such as emailing Uber support—to attempt to stop receiving these messages.

---

[2] *See* https://www.uber.com/newsroom/company-info/ (Last visited July 20, 2018).

4

1    24.    Defendant's text messages intruded upon and occupied the capacity of Plaintiff's

2  cellular phone and depleted the battery of Plaintiff's cellular phone.  The messages temporarily seized

3  and trespassed upon Plaintiff's use of his cellular phone, and caused him to divert attention away from

4  other activities to address the messages.

5                              **CLASS ACTION ALLEGATIONS**

6    25.    Plaintiff brings this lawsuit under Federal Rules of Civil Procedure Rules 23(a), (b)(2),

7  and (b)(3) as a representative of the following class:

8    > Each person within the United States who (i) received at least one
   > text message from Defendant or Defendant's agent; (ii) to his or her
9    > cellular telephone; (iii) through the use of an automatic telephone
   > dialing system; (iii) after informing Defendant that he or she did not
10   > want to receive text messages from Defendant.

11

12   26.    Excluded from the Classes are Defendant, its employees, agents and assigns, and any

13 members of the judiciary to whom this case is assigned, their respective court staff, and the parties'

14 counsel in this litigation.  This suit seeks only damages and injunctive relief for recovery of economic

15 injury on behalf of the Class; it does not seek recovery for personal injury and claims related thereto.

16 On information and belief, members of the above-defined Class can be identified through Defendant's

17 records.

18   27.    **Numerosity**.  The exact size of the class is information within the exclusive knowledge

19 of Defendant, but Plaintiff believes there are at least thousands of Class members.  This allegation is

20 likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

21 This allegation is based on the following information: (1) other consumers have lodged complaints

22 online about receiving the same unwanted text messages from Defendant,[3] (2) Defendant provides

23 ridesharing services to 75 million riders and employs 3 million drivers; and (3) the purpose of

24 automated dialers is to call or text message numerous persons in a short amount of time.

25   28.    The alleged size and geographic dispersal of the Class makes joinder of all Class

26 members impracticable.

27

28

---

[3] *E.g.*, https://800notes.com/Phone.aspx/1-424-338-9155 (last visited July 26, 2018).

CLASS ACTION COMPLAINT
CASE NO.

29.     **Commonality and Predominance**.  Common questions of law and fact exist with regard to each of the claims and predominate over questions affecting only individual Class members.  Questions common to the Class include:

(a)     Whether Defendant's or its agent's dialing system(s) constitute an automatic telephone dialing system under the TCPA and/or the FCC's rules;

(b)     Whether Defendant or its agent used an automatic telephone dialing system to send text messages to the cellular telephones of Plaintiff and Class members without their prior express consent;

(c)     Whether Defendant's text messages were sent knowingly or willfully;

(d)     Whether Plaintiff and Class members were damaged by receiving such text messages, and the extent of those damages; and

(e)     Whether Defendant should be enjoined from engaging in such conduct in the future.

30.     **Typicality**.  Plaintiff's claims are typical of the claims of the Class, in that Plaintiff, like all Class members, has been injured by Defendant's uniform misconduct—(i) the use of  an automatic telephone dialing system to send text messages without the receiving party's prior express consent to receive such messages.

31.     **Adequacy of Representation**.  Plaintiff will fairly and adequately protect the interests of the Class and is committed to the vigorous prosecution of this action.  Plaintiff has retained counsel experienced in complex consumer class action litigation and matters involving TCPA violations.

32.     **Superiority**.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and because of Defendant's financial resources, class members are unlikely to pursue legal redress individually for the violations detailed in this complaint.  Class-wide damages are essential to induce Defendant to comply with Federal law.  Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings.  By contrast, a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

CLASS ACTION COMPLAINT
CASE NO.

33.     Class certification is also appropriate under Rule 23(b)(2) because Defendant has acted and refused to act on grounds that apply generally to the Class such that final injunctive and/or declaratory relief is warranted with respect to the Class as a whole.

**FIRST CLAIM FOR RELIEF**
**Negligent Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227, *et seq***

34.     Plaintiff incorporates the above allegations by reference.

35.     Defendant or its agent used an automatic telephone-dialing system to send non-emergency text messages to the cellular telephones of Plaintiff and Class members, without their prior express consent.

36.     The foregoing acts and omissions constitute negligent violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(1)(iii).

37.     Under 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged negligent violations of the TCPA, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call placed in violation of the TCPA.

38.     Plaintiff and Class members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

**SECOND CLAIM FOR RELIEF**
**Knowing or Willful Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227, et seq**

39.     Plaintiff incorporates the above allegations by reference.

40.     Defendant or its agent used an automatic telephone-dialing system to send non-emergency text messages to the cellular telephones of Plaintiff and Class members, without their prior express consent.

41.     The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. § 64.1200(a)(1)(iii).

7

CLASS ACTION COMPLAINT
CASE NO.

42.     Pursuant to 47 U.S.C. § 227(b)(3)(C), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiff and Class Members are entitled to an award of $1,500.00 in statutory damages for each and every call placed in violation of the statute.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class defined above, respectfully requests that this Court:

(a)     Determine that the claims alleged herein may be maintained as a class action under Federal Rule of Civil Procedure 23, and issue an order certifying the class defined above and appointing Plaintiff as the Class representative;

(b)     Award $500 in statutory damages for each and every text message that Defendant or its agent negligently sent in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

(c)     Award $1,500 in statutory damages for each and every text message that Defendant or its agent willfully or knowingly sent in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

(d)     Grant appropriate injunctive and declaratory relief, including, without limitation, an order requiring Defendant to implement measures to stop future violations of the TCPA; and

(e)     Grant such further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: July 26, 2018                          Respectfully submitted,

By:     _/s/ Simon S. Grille_

Daniel C. Girard (State Bar No. 114826)
Angelica M. Ornelas (State Bar No. 285929)
Simon S. Grille (State Bar No. 294914)
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4800
*dcg@girardgibbs.com*
*amo@girardgibbs.com*
*sg@girardgibbs.com*

*Attorneys for Plaintiff Shelton Bollinger*

8

CLASS ACTION COMPLAINT
CASE NO.